IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLEY A. BAILEY<br><br>　　　　　Plaintiff,<br>vs.<br><br>COMMERCE INSURANCE<br>SERVICES, INC.,<br>a New Jersey corporation,<br><br>　　　　　Defendant. | Civil No. 05-CV-183 (SLR)<br><br>Civil Action<br><br>Jury Trial Demanded |

**ANSWER OF DEFENDANT COMMERCE INSURANCE SERVICES
TO PLAINTIFF'S COMPLAINT**

Defendant, Commerce Insurance Services, Inc. (improperly pled as Commerce National Insurance Services, Inc.) (hereinafter referred to as "defendant" or "Commerce") by way of answer and separate defenses to the Complaint filed herein says:

1.　　The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

2.　　The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

3.　　It is admitted that Plaintiff filed a charge with the State of Delaware Department of Labor. It is further admitted that the Equal Employment Opportunity Commission issued a Right to Sue Letter on January 6, 2005, and the State of Delaware Department of Labor also issued a Right to Sue Letter on October 29, 2004. The remaining allegations contained in paragraph 3 are denied as stated.

## II. Background Facts

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5. Defendant admits the first sentence of this paragraph. It is further admitted that plaintiff worked at the defendant's office in Delaware. The remaining allegations contained in paragraph 5 are denied as stated.

6. Defendant admits that plaintiff began her employment on August 27, 2001 as a Senior Customer Service representative. Defendant denies the remaining allegations of this paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. The allegations contained in paragraph 8 are denied as stated.

## III. Ms. Bailey is the Victim of Sexual Harassment

9. The allegations contained in paragraph 9 are denied, and they are conclusions of law to which no responsive pleading is required.

10. The defendant admits that it received a letter from plaintiff. All other allegations of this paragraph are denied.

## IV. Retaliation against Ms. Bailey

11. The allegations contained in paragraph 11 are denied.

12. The allegations contained in paragraph 12 are denied.

13. The allegations contained in paragraph 13 are denied.

14. The allegations contained in paragraph 14 are denied.

15. The allegations contained in paragraph 15 are denied as stated.

16. The allegations contained in paragraph 16 are denied as stated.

17. The allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. The allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 are denied.

22. It is admitted only that plaintiff was terminated on August 27, 2003. The remaining allegations contained in paragraph 22 are denied as stated.

## V. Cause of Action

23. The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

24. The allegations in paragraph 24 are denied.

    24(a). The allegations in paragraph 24(a) are denied.

    24(b). The allegations in paragraph 24(b) are denied.

    24(c). The allegations in paragraph 24(c) are denied.

    24(d). The allegations in paragraph 24(d) are denied.

    24(e). The allegations in paragraph 24(e) are denied.

    24(f). The allegations in paragraph 24(f) are denied.

    24(g). The allegations in paragraph 24(g) are denied.

    24(h). The allegations in paragraph 24(h) are denied.

    24(i). The allegations in paragraph 24(i) are denied.

24(j).   The allegations in paragraph 24(j) are denied.

24(k).   The allegations in paragraph 24(k) are denied.

24(l).   The allegations in paragraph 24(l) are denied.

24(m).   The allegations in paragraph 24(m) are denied.

24(n).   The allegations in paragraph 24(n) are denied.

24(o).   The allegations in paragraph 24(o) are denied.

24(p).   The allegations in paragraph 24(p) are denied.

25.   The allegations contained in this paragraph are conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

## DEFENDANT'S SEPARATE AND AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiff's Complaint is barred by the applicable statute of limitations.

3.   Plaintiff's Complaint is barred by the doctrine of latches, estoppel and/or waiver.

4.   Plaintiff's Complaint is barred by the doctrine of fraud.

5.   Plaintiff has sustained no damages, no financial loss or any other injury.

6.   Defendant has satisfied and discharged each and every obligation, if any, owed to the plaintiff.

7.   Plaintiff has failed to mitigate any damages she alleged she has suffered.

8. Plaintiff's claims arise from and/or are the result of actions of third parties over whom defendant has or had no control.

9. All relevant times defendant acted in compliance with all applicable laws, rules, regulations and standards.

10. Defendant has not breached any common law, contractual or statutory duty owed to plaintiff.

11. Defendant fulfilled all obligations to plaintiff and acted fairly and in good faith.

12. Any injury alleged suffered by plaintiff does not constitute emotional distress.

13. Plaintiff is not entitled to a claim of punitive damages.

14. The allegations contained in plaintiff's Complaint are known by the plaintiff to be frivolous and without any factual or legal basis whatsoever, and as such, said Complaint should be strickened as an improper pleading.

15. At the times and places mentioned in the Complaint, there was no proximate cause between the alleged acts and conduct of the defendant and the alleged damages suffered by plaintiff.

16. The Complaint should be dismissed through the equitable doctrine of unclean hands.

17. Plaintiff's claims for relief should be dismissed because plaintiff suffered no damages to its property or rights as a result of any actions by the defendant.

18. Plaintiff's claims for relief are barred, or its damages at least should be reduced, because plaintiff's damages, if any, were caused by her own conduct.

19. Plaintiff's claims for relief are barred, or its damages at least should be reduced, because plaintiff cannot demonstrate that defendant had the requisite intent for the violations she alleges.

20. Plaintiff's claims are barred, in whole or in part, by the failure of plaintiff to exhaust her administrative remedies.

21. The incidents described in plaintiff's Complaint were caused wholly or partly by the negligent or intentional acts of the plaintiff, and plaintiff is barred from recovery or her recovery should be reduced accordingly.

22. Plaintiff's claims are barred, in whole or in part, for failure to give notice to the answering defendant of the alleged discriminatory, harassing, and/or retaliatory conduct to which she was allegedly subjected to.

23. Defendant had an effective harassment, discrimination and retaliation policy in place at the time of the incidents set forth in the Complaint, which plaintiff failed to utilize to alleviate herself of the alleged harassing, discriminatory, and/or retaliatory behavior.

24. Defendant took prompt remedial action upon notice of plaintiff's alleged complaints by conducting an internal investigation and other action.

25. Plaintiff was not subjected to any adverse employment action.

26. Plaintiff did not engage in any protected activity known by the defendant.

27. Plaintiff's claims do not establish a causal connection between the alleged protected activity and any alleged retaliation.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and against plaintiff:

(a) Dismissing the complaint with prejudice;

(b) Awarding it costs and attorneys fees; and

(c) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Wendy K. Voss (I.D.# 3142)
Sarah E. DiLuzio (I.D. # 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
wvoss@potteranderson.com
sdiluzio@potteranderson.com

Of Counsel:

William M. Tambussi, Esquire
Susan M. Leming, Esquire
BROWN & CONNERY, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
Telephone: (856) 854-8900

*Attorneys for Defendant*
*Commerce Insurance Services, Inc.*

Dated: April 20, 2005

678749v2

7

## CERTIFICATE OF SERVICE

I, Sarah E. Diluzio, hereby certify that on April 20, 2005, I electronically filed true and correct copies of the foregoing ANSWER OF DEFENDANT COMMERCE INSURANCE SERVICES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, to the following counsel of record:

HAND DELIVERY

Thomas C. Marconi, Esquire
Losco & Marconi, P.A.
1813 N. Franklin Street
P.O. Box 1677
Wilmington, DE 19899

*/s/ Sarah E. DiLuzio*
Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com

678749v2