UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLEY A. BAILEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-183-SLR |
| | ) |
| COMMERCE NATIONAL | ) TRIAL BY JURY DEMANDED |
| INSURANCE SERVICES, INC., a | ) |
| New Jersey corporation, | ) |
| | ) |
| Defendant. | ) |

## CONFIDENTIALITY STIPULATION

Defendant Commerce Insurance Services, Inc. ("Defendant"), improperly pled as Commerce National Insurance Services, Inc., and Plaintiff Kimberley A. Bailey ("Plaintiff") (jointly referred to as the "Parties"), collectively by their undersigned counsel, hereby mutually stipulate as follows:

1.  In connection with discovery of any matters involved in this litigation, the Parties may seek discovery of documents, information, or other materials constituting, reflecting, containing or relating to confidential, proprietary or trade secret information of the other Party. The Parties agree to protect the confidentiality and control disclosure, access, use and disposition respecting such information, documents and materials. Any Party may in good faith designate all documents and information that the Party deems to be confidential and proprietary as "confidential," and will place a "confidential" stamp on each such document ("Confidential Documents"). This designation shall not be construed as an admission by any Party that the documents or information contained therein are proprietary and shall not limit a Party's ability to challenge such designation in this litigation except as otherwise set forth in this agreement. When producing documents

deemed "confidential," the Parties shall indicate in writing the basis of its good faith belief that such documents or groups of documents fall within some class or category of information the Delaware courts recognize under settled legal principles as deserving of "confidential" treatment and protection from disclosure. Those Confidential Documents will be produced subject to the terms and conditions of this Stipulated Confidentiality Agreement ("Agreement").

2. In the event of a dispute regarding the confidentiality of any documents, the documents shall be submitted to the Court for such determination, but such procedure shall not prevent discovery from otherwise reasonably proceeding. Until either an agreement is reached or the Court determines the issue, the disputed documents shall remain designated as confidential and subject to the terms and conditions of this Agreement.

3. Any and all Confidential Documents shall be used only in connection with the prosecution or defense of the above captioned action between the Parties and for no other purpose.

4. No Confidential Documents, the information contained therein, any notes made therefrom, or copies of any of the preceding shall be disclosed to any person except as set forth in this Agreement.

5. Any and all Confidential Documents, the information contained therein, and copies thereof shall be retained in confidence by and access restricted to the following group of persons hereinafter referred to as "Permitted Persons":

    a)    The Court (under seal or in camera);

    b)    Counsel for the Parties to this action and the legal, paralegal, clerical and secretarial staff employed by such counsel;

    c)    The Parties;

    d)    Court Reporters;

    e)    Any experts utilized in connection with this litigation;

    f)    Any other person(s) agreed to in writing by counsel for the Parties;

    g)    Persons which may be called as witnesses at trial or which assist a Party in or are reasonably necessary to defense or prosecution of this action; and

    h)    The jury. Such Permitted Persons (except for jurors) may have access to the Confidential Documents only for purposes of this action.

6.    Prior to the disclosure of any Confidential Documents to Permitted Persons, the Parties counsel shall:

    a)    deliver a copy of this Agreement to the person to whom disclosure is to be made;

    b)    advise such person that they shall not disclose the Confidential Documents, the information contained therein, or any notes made therefrom to any person not already bound by this Agreement; and

    c)    obtain a written acknowledgment that such person has read this Agreement and consents to be bound by its terms and conditions.

7.    No copies of the Confidential Documents shall be made except as required by the Parties' counsel in connection with this action. This provision shall not limit the distribution of copies to Permitted Persons in a manner contemplated in paragraph 5 above.

8.  All Confidential Documents shall be submitted in compliance with the Court's procedures for filing electronic documents under seal. All such documents and chamber copies served other than electronically shall be designated confidential and shall have as part of the accompanying transmittal letter to the Court a request to seal the documents and the following statement:

The documents enclosed and/or information contained herewith are subject to a Stipulated Confidentiality Agreement that was executed between the Parties on November 8, 2005. These documents are not to be displayed or revealed in any manner other than for the purposes of this litigation, except by further Order of the Court.

9.  Any and all Confidential Documents or the information contained therein may be referred to in the course of depositions or made exhibits thereto, provided that as a precondition, the deponent or other persons present at any deposition or who may review any such deposition transcript or report agrees to be bound by the terms and conditions of this Agreement. If the deponent or other persons present at any deposition refuse to be bound by the terms and conditions of this Agreement, or refuses to execute a written Acknowledgment, the Parties reserve the right to contact the Court to address this issue.

10. Any portions of deposition transcripts containing or referring to any Confidential Documents shall be deemed and treated as a Confidential Document subject to the terms and conditions of this Agreement.

11. Within fifteen (15) days of the conclusion of this action by either judgment, settlement, or otherwise (including appeals), the Party which received confidential documents shall make available to the Producing Party for review and to obtain possession of:

a) any Confidential Documents or copies thereof which are in his/her possession and are not protected by the attorney-client privilege or work product doctrine; and

b) any acknowledgments obtained by Parties pursuant to paragraph 6(c) and/or sworn statements from Permitted Persons stating that the Confidential Documents provided to them have been destroyed and no further copies have been made. Any and all attempts by the Parties to obtain Confidential Documents from Permitted Persons shall be at each Party's own cost and expense.

The intent of this paragraph is that the respective Parties be given the opportunity to recover originals and copies of all documents governed by this Agreement at the end of the Action, and each Party is obligated to cooperate in that effort. If a Party elects to have the other Party compile and return the documents, then Defendants will reimburse Plaintiff for the reasonable expenses incurred in the effort to compile and return the Confidential Documents from Permitted Persons associated with that Party.

12. Nothing in this Agreement shall require any Party to produce a document or documents which would be protected by the attorney-client privilege or which would constitute attorney work product.

13. No part of this Agreement shall be modified or rescinded except by written stipulation executed by counsel of record for the Parties or by Court order. Nothing in the Agreement precludes the Parties from requesting the Court to enforce or modify this Agreement or otherwise requesting that certain documents or other discovery be made the subject of a court approved protective order, or not be permitted at all.

14. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the Parties at or before trial.

15. Nothing in this Agreement will limit the ability of the Parties to conduct discovery in accordance with the applicable Rules of Court except that information or documentation produced in response to discovery requests may be deemed Confidential and Protected Matter.

LOSCO & MARCONI, PC

By /s/ Thomas C. Marconi
Thomas C. Marconi (I.D. #2761)
1813 North Franklin Street
P.O. Box 1677
Wilmington, DE 19899
(302) 656-7776 – Telephone
(302) 656-7774 – Facsimile

*Attorneys for Plaintiff*

POTTER ANDERSON & CORROON LLP

By *Elizabeth King*
Wendy K. Voss (I.D.# 3142)
Sarah E. DiLuzio (I.D. # 4085)
Elizabeth King  (I.D. #4475)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile

*Attorneys for Defendant*

OF COUNSEL:

William M. Tambussi, Esquire
Susan M. Leming, Esquire
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ 08108

Dated: November 8, 2005
PA&C-704365v1

SO ORDERED this _____ day of _____, 2005.

_____
Honorable Sue L. Robinson