**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KIMBERLEY A. BAILEY | ) |
| | ) |
|     Plaintiff, | ) C.A. No.: 05-183 SLR |
| | ) |
| v. | ) Trial by Jury Demanded |
| | ) |
| COMMERCE NATIONAL INSURANCE | ) |
| SERVICES, INC., a New Jersey corporation. | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

COMES NOW, Plaintiff, Kimberly A. Bailey, and moves this Court for an Order amending the Trial Scheduling Order in the above referenced matter, so that she can complete her discovery, and, in support of her Motion, Plaintiff states as follows, to wit:

**Background**

1. By way of this action, Plaintiff seeks redress for violation of her rights under Title VII of the Civil Rights Act. More specifically, she alleges that her employment was terminated by Defendant in retaliation for making a charge of sexual harassment against her former supervisor.

2. The Complaint was filed on March 24, 2005. Defendant's Answer was filed April 20, 2005. On April 25, 2005 the Court entered an Order scheduling a telephonic scheduling conference for May 24, 2005.

3. Following the teleconference, on May 24, 2005, a Scheduling Order was entered. Included in that Scheduling Order was the referral of the matter to the Magistrate Judge for purposes of exploring ADR.

4. At a teleconference held on June 29, 2005, Magistrate Thynge scheduled a mediation conference for January 29, 2006.

**Defendant's Failure to Respond to Discovery**

5.  On June 21, 2005, Plaintiff served her First Set of Interrogatories and Request for Production of Documents upon Defendant.

6.  By letter dated July 7, 2005, Plaintiff supplemented her discovery request by asking for information about Plaintiff's earnings while she was employed by Defendant, as well as information about the earnings of a position one level higher than that occupied by Plaintiff at the time of her termination. Plaintiff explained in her letter, that this information had been specifically requested by Plaintiff's expert in order for him to render his opinion on Plaintiff's damages as a result of her termination by Defendant.

7.  Despite numerous requests by letter and telephone, and a number of assurances before and after the due date of Defendant's responses, Defendant failed to serve its responses to the discovery served on June 21, 2005, until October 10, 2005 -more than 90 days after the due date. Defendant did not, however, serve responses to the supplemental discovery requested by Plaintiff's letter dated July 7, 2005.

8.  On November 18, 2005, Defendant noticed Plaintiff's deposition for November 29, 2005 without attempting in any way to coordinate the scheduling of that deposition. That deposition was not taken.

9.  On December 9, 2005, at Defendant's suggestion, the parties filed a Joint Motion for Scheduling Order Extension which was entered by the Court on December 12, 2005.

10. After numerous requests, and unfulfilled assurances, on December 16, 2005, Defendant finally responded to the July 7, 2005 supplemental discovery request. As earlier indicated, the information sought through the July 7, 2005 discovery was needed by Plaintiff's expert to assess Plaintiff's damages, and prepare his report. This was made known to Defendant in the July 7, 2005 letter.

11. By the time the responses to the July 7, 2005 discovery were received by Plaintiff, she had less than one week to prepare her mediation conference statement as ordered by Magistrate Thynge during the July 29, 2005 telephone conference. Plaintiff's expert was not able to formulate his opinion, or prepare his report in time for the January 9, 2006 mediation. Thus, Plaintiff was unable to proceed with the mediation conference having no expert information on the value of her case. Plaintiff requested a continuance of the mediation conference. Defendant opposed the continuance, but Magistrate Thynge continued the mediation conference to January 26, 2006. The parties were unable to resolve the matter at through mediation.

12. On January 5, 2006, Plaintiff served her second set of Interrogatories upon Defendant. Plaintiff informed Defendant that the second interrogatories were necessary because there were a number of documents produced by Defendant that Plaintiff deemed important, but the identity of the author(s) and/ recipients of those documents was not clear. Therefore, Plaintiff informed Defendant that she could not determine whom to depose, nor could she determine all areas to explore in an examination of the witnesses, without the responses to the second interrogatories. Plaintiff was assured that timely responses would be received.

13. The last such assurance was on January 31, 2006 at the conclusion of Plaintiff's deposition. In response to a specific inquiry to William J. Tambussi, Esquire about the responses to the second interrogatories, Mr. Tambussi assured the undersigned that his colleague, Susan M. Leming, Esquire, was working on the responses and would get them out promptly.

14. In reliance on the promise that the second interrogatory responses were forthcoming, the undersigned personally coordinated the scheduling of the deposition of four of Defendant's witnesses with Mr. Tambussi's assistant. The agreed dates were February 15, and 16, 2006, and, on February 7, 2006, Plaintiff formally noticed the depositions. On February 8, 2006, Defendant's counsel informed the undersigned that she was "not available" for the depositions noticed for

February 15 and 16, 2006 and did not propose any alternative dates. By mid-February, most of the undersigned's March calendar was full.

15. On March 10, 2006, Defendants finally served the second interrogatory responses. On March 13, 2006, Defendant also served Plaintiff with approximately 200 pages of additional documents that were responsive to the June 2005 discovery request. However, because of other matters previously scheduled in March 2006, the undersigned did not have the opportunity to view the Defendant's responses to the second interrogatories or the additional documents until the week of March 27, 2006.

16. On March 29, 2006, after having the opportunity to review the responses to the second interrogatories, and some of the produced documents, the undersigned counsel e-mailed a request to set up the deposition of four of Defendant's witnesses, and a request to extend the discovery cut-off date and the balance of the Scheduling Order.

17. On March 30, 2006, Defendant's counsel sent an e-mail refusing to schedule the depositions or extend the Scheduling Order and suggesting that Plaintiff make application to the Court for relief.

**Argument**

18. Defendant has not proceed in this litigation in good faith. Defendant appears to have intentionally delayed responding to Discovery and, take advantage of Plaintiff's patience and willingness to cooperate. This has essentially resulted in Plaintiff being ambushed at the eleventh hour to her prejudice.

19. Indeed, as earlier indicated, Defendants were 90 days late in responding to Plaintiff's First Set of Interrogatories and Request for Production of Documents; 120 days late responding to the supplemental discovery of July 7, 2005; and more than 30 days late with the second interrogatory responses. When Plaintiff noticed the deposition of Defendant's witnesses believing that the second

interrogatory responses would be received in time, not only were the responses not received, but the depositions unilaterally canceled by Defendant the day after they were noticed.

20.     In hindsight, Plaintiff should have a filed motion to compel or otherwise sought the trial Court's or Magistrate Thynge's assistance sooner. However, in the undersigned's experience in16 years at the Bar, opposing counsel normally deal in good faith and grant extensions when reasonably necessary, particularly where, as here, opposing counsel is responsible for the need for the extension.

21.     Things are apparently done differently in New Jersey.

22.     Defendant will not be prejudiced in any way by the requested extension. Except for a second request for production, which will be responded to shortly by Plaintiff, Defendant is obviously finished with its discovery, and can now begin preparing its case dispositive motion for filing well within the existing deadline.

WHEREFORE, Plaintiff prays that the fact discovery cut-off deadline be extended until April 30, 2006, and that Defendant be ordered to fully cooperate with scheduling depositions with Plaintiff.

**LOSCO & MARCONI, P.A.**

/s/Thoms C. Marconi, Esquire
Thomas C. Marconi, Esquire (#2761)
1813 N Franklin Street
P.O. Box 1677
Wilmington, DE 19899
(302) 656-7776
F(302)656-7774
tmarconi@delaw.org
Attorneys for Plaintiff, Kimberley A. Bailey

Date: March 31, 2006

G:\Carla\Bailey, Kim 0309-3714\Pleadings US Dist Ct of DE\Motion to Amend Scheduling Order 3.31.06.wpd