IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLEY A. BAILEY<br><br>Plaintiff,<br>vs.<br><br>COMMERCE INSURANCE SERVICES, INC.,<br>a New Jersey corporation<br><br>Defendant. | Civil No. 05-CV-183 (SLR)<br><br>Civil Action |

**DEFENDANT COMMERCE INSURANCE SERVICES, INC.'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

Defendant Commerce Insurance Services, Inc. (hereinafter "Defendant") hereby responds to Plaintiff's Motion to Amend Scheduling Order as follows:

**Background**

1. Defendant feels compelled to respond to Plaintiff's motion to correct misrepresentations in the record, as set forth in Plaintiff's moving papers.

2. Plaintiff's Complaint was filed on March 24, 2005. A Scheduling Order was issued by the Honorable Sue L. Robinson on May 24, 2005. See CIS Ex. 1 ("Scheduling Order"). The Scheduling Order required all fact discovery to be completed by November 30, 2005.

3. While plaintiff's moving papers insinuate that defendant has been the only one causing delays in this case, plaintiff's counsel also experienced delays in providing discovery responses to the defendant and providing dates for plaintiff's deposition. In fact, plaintiff's counsel was several months late in providing written discovery to the

defendant which resulted in the cancellation of plaintiff's deposition originally scheduled for July of 2005, and then postponed until November of 2005. Defense counsel granted plaintiff any extension sought with respect to providing written discovery responses.

4. Defendant similarly experienced delays in providing written discovery responses to the plaintiff. Plaintiff also extended the same courtesy of extensions to defendant for written discovery responses.

5. With respect to the July 7th letter referenced in the moving papers, on September 18, 2005, defense counsel received a faxed unsigned copy of the July 7, 2005 letter from plaintiff's counsel. Counsel for defendant maintains that the July 7, 2005 letter was not received until September 2005. See CIS Ex 11, Letter of September 14, 2005 from Susan M. Leming, Esquire to Thomas Marconi, Esquire. Plaintiff's counsel has failed to establish that the July 7, 2005 was ever signed and sent to defendant. Instead, plaintiff counsel stated in a fax on September 18, 2005 that a signed copy of the July 7 letter had not been saved in his file. See CIS Ex. 12, Fax of September 18, 2005 from Thomas Marconi, Esquire to Susan M. Leming, Esquire.

6. In early December 2005, in an act of good faith, defendant and plaintiff participated in a joint motion to amend the Scheduling Order. Counsel for the parties <u>all agreed</u> to request an extension of discovery. In addition, <u>defendant consented</u> to plaintiff's request to serve additional discovery requests outside of the limits previously set by this Court in the Initial Scheduling Order. On December 12, 2005, the Court granted the joint motion to reset Scheduling Order deadlines. See CIS Ex. 14, Notice of Order of December 12, 2005. Under the modified Scheduling Order, fact discovery was to be completed by February 1, 2006; additional interrogatories could be served by the

2

parties; expert reports were due by January 30, 2006; rebuttal expert reports were due on March 1, 2006; and all expert depositions were due on March 31, 2006. The due date for dispositive motions was reset for May 1, 2006. Id.

7.    On December 16, 2006, plaintiff counsel requested an adjournment of the mediation conference of January 9, 2006. See CIS Ex. 15, Letter of December 16, 2006 from Thomas Marconi to the Honorable Mary Pat Thynge. Defendant did hesitate to consent to an adjournment of the mediation conference because it was our understanding that Magistrate Thynge would be unavailable until late 2006 which would most likely result in the parties being forced to seek an outside mediator. Defendant wanted to keep the case within the judicial system. The mediation was, however, ultimately rescheduled for January 26, 2006.

8.    Again, in the interest of working with counsel and in a good faith attempt to resolve discovery disputes without Court intervention, the parties agreed to <u>another discovery</u> extension. Plaintiff's counsel failed to notify the Court of this joint effort by the parties in the moving papers. The Court ordered that only fact discovery would be extended until March 31st and that all other dates in the scheduling order would remain unchanged.

9.    Plaintiff's deposition was conducted on January 27, 2006 and completed on February 7, 2006. Plaintiff did not notice <u>any</u> depositions until February 7, 2006 – nine months after the start of this litigation. Defendant immediately responded with its unavailability for those depositions on February 8, 2006. At that time, counsel for defendant also requested additional dates on which plaintiff's counsel would like to reschedule the depositions. Again, on February 15th and again on February 24th, defense

3

counsel followed up on dates for the depositions previously sought by the plaintiff in this case. Plaintiff's counsel did not respond to these letters.

10. After February 8, 2006, defendant did not hear from plaintiff's counsel regarding any aspect of this litigation until March 29, 2006. Two days before discovery was to be completed per the Court's Order, Plaintiff's counsel sought consent for another extension and for the first time requested the deposition of three new individuals from Commerce – all of whose identity had been known to plaintiff since the outset of this litigation. See Exhibit 16, Email from Thomas Marconi, Esquire to Susan Leming, Esquire, dated March 29, 2006. Defense counsel informed plaintiff's counsel that it would **not** oppose the discovery request and never stated that witnesses would not be produced for deposition. Id. and see Exhibit 17, Letter from Susan Leming, Esquire to Thomas Marconi, dated March 31, 2006. To the contrary, defense counsel suggested that at this juncture a formal motion to the Court would be appropriate as this is the third discovery extension sought in this litigation and any additional discovery extensions would impact the dispositive motion schedule. Id. Rather than simply filing a motion with the Court, plaintiff's counsel has used this opportunity to unnecessarily and unprofessionally attack defense counsel as well as attempting to threaten defense counsel into consenting to an extension. See Exhibits 16 and 18, Letter from Thomas Marconi, Esquire, to Susan Leming, Esquire. As can be seen from the motion papers, discovery delays have been experienced by both sides and the parties have worked together in good faith to address discovery issues. At this stage, and in light of the current Scheduling Order, defense counsel believes it is appropriate for this Court to determine the course of this litigation, not the parties.

## Argument

11.  Defendant has acted in good faith throughout discovery and believes that further discovery extensions should be determined by the Court. Under the Federal Rules of Civil Procedure, parties to litigation are required to cooperate in discovery matters. See e.g. Fed. R. Civ. P. 37(a)(2)(A) (requiring parties to make good faith efforts to resolve discovery disputes). Compliance with discovery deadlines is essential to the litigation process. Praxair, Inc. v. ATMI, Inc., 231 F.R.D. 457 (D.Del. 2005) (citing Finch v. Hercules, Inc., 1995 WL 785100 at *9 (D.Del.1995) ("fidelity to the constraints of Scheduling Orders and deadlines is critical to the Court's case management responsibilities.")). The "flouting of discovery deadlines causes substantial harm to the judicial system." Finch, supra, 1995 WL 785100 at *9 (internal citations omitted).

12.  Defendant's position with respect to the present motion must be clear. The **two prior modifications** of the scheduling order were the result of a **joint motion submitted by counsel** in December 2005 and February 2006. Based on the prior extensions and plaintiff's lack of attention to completing discovery, Defendant chooses not to test the Court's patience with a further request to modify the scheduling order. Contrary to plaintiff's counsel's baseless accusations, Defendant is well aware of federal discovery practices in Delaware requiring efficiency and discipline as such practices are strictly followed in New Jersey.

13.  Additional requests to amend the scheduling order are based on the discovery needs of plaintiff. Plaintiff failed to notice a single deposition until February 7, 2006, and then remained silent as to when those depositions should be conducted until six weeks later on the afternoon of March 29.

5

14. Despite plaintiff's inaccurate assertions, defendant will be prejudiced by the requested extension. Any dispositive motion must be filed and served by May 1 per the Court's Scheduling Order. Even though plaintiff originally requested an extension until May 15 by way of email on March 29, plaintiff now seeks an extension until April 30 for the completion of discovery. Defendant should be afforded ample time to review the deposition transcripts from any depositions conducted by plaintiff and incorporate such information in its submission to the Court. In addition, plaintiff's counsel has requested depositions be conducted the last week of April. Defense counsel is scheduled to start trial at that time and will be out of town for depositions in another matter the first week of May. If the Court should extend discovery in this case, Defendant respectfully requests that the above prejudices be considered in rendering its decision.

15. Defendant's counsel submits that its actions are by no means in bad faith, but in fair regard for the interests of the Court and adherence to the current Scheduling Order.

WHEREFORE Defendant Commerce Insurance Services does not oppose Plaintiff's request for an extension of the fact discovery deadline for the limited purpose of conducting the previously noticed depositions, so long as the dispositive motion deadline is likewise extended to accommodate Plaintiff's request. For the convenience of the Court, Defendant has attached a form of Order consistent with this position.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

Of Counsel:

William M. Tambussi, Esq.
Susan M. Leming, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
(856) 854-8900

By: /s/ Sarah E. DiLuzio
    Wendy K. Voss (I.D.# 3142)
    Sarah E. DiLuzio (I.D. # 4085)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Telephone (302) 984-6000
    wvoss@potteranderson.com
    sdiluzio@potteranderson.com

*Attorneys for Defendant*
*Commerce Insurance Services, Inc.*

Dated:  April 13, 2006
727988

## CERTIFICATE OF SERVICE

I, Sarah E. Diluzio, hereby certify that on April 13, 2006, I served two copies of the foregoing DEFENDANT COMMERCE INSURANCE SERVICES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER upon the following counsel of record in the manner indicated:

BY HAND DELIVERY

Thomas C. Marconi, Esquire
Losco & Marconi, P.A.
1813 N. Franklin Street
P.O. Box 1677
Wilmington, DE 19899

*/s/ Sarah E. DiLuzio*
Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com

727988